STATE OF MINNESOTA *ex rel.* CHARLES E. SHANNON *et al. vs.* JUDGES OF DISTRICT COURT OF ELEVENTH JUDICIAL DISTRICT *et al.*

Argued Dec. 9, 1892.   Decided Dec. 16, 1892.

**Duluth Street Grades.**

By the charter of the city of Duluth the permanent grade of a street must be established before the street can be permanently graded at the expense of the real property.

**Assessments of Benefits on Proximity Only.**

The board of public works, in apportioning the benefits to the respective lots for grading a street, adopted and acted on an arbitrary rule, taking into account only the proximity of the lots to the street, without regard to their situation in other respects, or to how they might be affected by the grade. *Held,* that the assessment was void.

**ON REARGUMENT.**

Argued April 26, 1893.   Decided May 11, 1893.

**Grade must be Established before Improvement of Street.**

The decision of the last October term, to the effect that by the charter of the city of Duluth a permanent grade for a street must be established before proceedings can be begun to permanently improve the street at the expense of the property, adhered to on reargument.

On June 13, 1892, the Board of Public Works of the City of Duluth resolved to grade and improve Piedmont Avenue East in that city, and estimated the expense at $110,000. They assessed $90,750 of this upon the property lying within two hundred feet on either side of the avenue. On August 29, 1892, the judges of the District Court of the Eleventh Judicial District made an order revising and confirming this assessment. On September 21, 1892, Charles E. Shannon and sixteen others, citizens and taxpayers of the city and owners of property assessed, filed their relation in this court setting forth divers matters which they claimed rendered the assessment invalid. On that day a writ of *Certiorari* was allowed by the Chief Justice and issued to the District Court in and for the County of St. Louis and to Hon. O. P. Stearns, and Hon. J. D. Ensign, Judges of that court,

and to Henry Truelsen, James Farrell and Nils Nelson composing the Board of Public Works of the City of Duluth, requiring them to certify and return to this court the assessment and confirmation, together with the evidence taken, proceedings had and records made or filed in that court or in the office of the Board of Public Works touching the matters in the relation set forth. Returns were duly made showing that the relators appeared in the District Court June 21, 1892, and objected to the confirmation of the assessments on the ground that the Board of Public Works made the assessment according to area and proximity of the land to the proposed improvement whether or not the property received any benefit; and on the further ground that the grade of the avenue was not established prior to the time of letting the contract to grade it; and that no grade lines had ever been established on the avenue. Included in the return made by the judges of the District Court was a case settled, signed and filed containing all the testimony given in that court on the application for revision and confirmation of the assessment. From this it appears that property within fifty feet of the avenue on either side was assessed fifty-seven per cent. per square foot; property more than fifty feet, and less than a hundred feet distant on either side was assessed twenty-one per cent. per square foot; property more than a hundred feet and less than one hundred and fifty feet distant from the avenue was assessed thirteen per cent. per square foot, and property more than one hundred and fifty feet and less than two hundred feet distant from the avenue was assessed nine per cent. per square foot.

The District Court found that no permanent grade of Piedmont Avenue East was ever formally established, but in this proceeding a profile was made and filed which showed exactly to what grade the avenue was to be brought by the improvement, and that court held this was sufficient.

The District Court ordered that only seventy-five per cent. of the cost of the improvement ($82,500) be assessed upon the property benefited, leaving the other twenty-five per cent. to be paid by the city. That court confirmed the assessment in all other respects.

*S. D. Allen, M. Douglas* and *Jaques & Allen,* for relators.

No grade had been established for the avenue in question; consequently the municipality had no authority to grade the avenue at the expense of local property owners. *State* v. *District Court of Ramsey Co.,* 44 Minn. 244.

The assessment complained of was not made according to benefits. It was made purely upon area and proximity, and not according to benefits. The Board of Public Works did not adopt the true method of assessment, and the fact that this rough and uneven ground is assessed precisely according to its area, is conclusive that a wrong basis of the assessment was adopted. *State* v. *District Court of Ramsey Co.,* 29 Minn. 62; *State* v. *Commissioners of Streets & Sewers,* 38 N. J. Law, 190; *Watkins* v. *Zwietusch,* 47 Wis. 513; *Johnson* v. *City of Milwaukee,* 40 Wis. 315; *Chamberlain* v. *City of Cleveland,* 34 Ohio, 551; *State* v. *District Court of Ramsey Co.,* 33 Minn. 295; *State* v. *District Court of Ramsey Co.,* 47 Minn. 406.

GILFILLAN, C. J. *Certiorari,* bringing before us the action of the district court confirming the assessment of benefits for grading Piedmont avenue west, in the city of Duluth. The question whether *certiorari* will lie to bring the proceedings of the district court before us was decided in the affirmative in *Sherwood* v. *City of Duluth,* 40 Minn. 22, (41 N. W. Rep. 234,) and it was also decided that the proceedings may be thus reviewed here, notwithstanding the charter declares that the decision of the court shall be *res adjudicata,* and no appeal shall be allowed. It is unnecessary to consider whether in any proceeding the decision of the district court confirming the assessment could have the effect to preclude inquiry as to the board of public works and council having complied with the requirements of the charter.

Two objections are made to the assessment: *First,* that no street grade was established as contemplated by the charter; *second,* the board of public works, in making the assessment, adopted and acted on an illegal principle or rule of apportionment.

The charter (Sp. Laws 1887, ch. 2, subch. 4, § 3; Sp. Laws 1889, ch. 19, § 4) provides that the board of public works "shall, subject to

the approval of the common council, establish a system of grades for all streets, avenues, and alleys within said corporate limits for which grades have not been heretofore established;" and to change a grade once established there must be a resolution of the council, passed by a vote of two thirds of the members elect. The duty thus imposed is for the benefit and protection of the owners of real property in the city, and it is to be performed, whether it is the purpose to at once improve the street according to the established grade or not. And we are satisfied it was the intention of the legislature to require the permanent grade to be established before any proceedings for the permanent improvement of a street at the expense of the real property shall be begun. This was said in *State* v. *District Court*, 44 Minn. 244, (46 N. W. Rep. 349,) in respect to the city of St. Paul, whose charter on this matter is not essentially different from that of Duluth, and, although the point was not involved in that case, we indorse what is there said upon it. It would be strange if the city could prosecute a vastly expensive permanent grading of a street, as this was, charging the cost to the property, and leave the permanent grade of the street to be at any time in the future established by a mere majority vote, to be established either above or below or upon the grade of the improvement, as the majority of the council might determine.

The profile of the proposed improvement, prepared by the city engineer, though approved by the board of public works and common council, did not establish the street grade, within the meaning of the charter, for the reason that it was not prepared nor approved as such, but only as the profile of the proposed work; and it is apparent that in approving it the mind neither of the board nor council was directed to the matter of establishing a permanent grade for the street under the charter.

The charter provides (subchapter 5, § 7) that the board shall assess seventy-five per cent. of the amount required for the improvement, "in proportion, as near as may be," to the benefit resulting to the property, or in proportion to the frontage, as may be directed by the common council. The board assumed to make the assessment for this improvement in proportion to the benefits, but in the

manner in which they attempted to determine the amounts to be laid on the respective lots they disregarded the letter and the spirit of the charter provisions. To illustrate their manner of doing it, we may state (without going over the whole assessment) they determined that the property lying within two hundred feet on each side of the avenue should be assessed for one half the whole amount required to be assessed; that the property lying within fifty feet on each side of the avenue should be assessed for fifty-seven per cent. of that one half, the next fifty feet for twenty-one per cent., the next fifty feet for thirteen per cent., and the next fifty feet for nine per cent., of the one half, and all the tracts or parts of tracts lying within each of the several fifty-foot strips were assessed at a uniform rate per square foot, without regard to the location other than the distance from the avenue, or the situation of any tract, or to the manner in which it might be affected by the improvement. Some lots are left ten or twelve feet above the grade on which the improvement is made, with a perpendicular face of solid rock towards the street; others are twenty or twenty-five feet below that grade; others are exactly or nearly on it; and thus, while to some of the lots the avenue as graded is an accommodation, and so a benefit, to others, by reason of the practical impossibility of getting, without the use of ladders or hoisting machines, from them to the avenue, or from the avenue to them, it is manifestly of very little, if any, benefit. And yet the lots, lying within each of said strips, however thus affected, are assessed an equal rate per square foot. The assessment was made by the application of an arbitrary rule, without reference to how the respective lots might be affected by the grading.

It is true that in such cases, whether particular property is benefited, and to what extend it is benefited, must be left to the judgment of those whose duty it is to make the assessment, and that, when they have exercised their judgment, their determination, in the absence of fraud or demonstrable mistake of fact, is conclusive. But they must exercise their judgment, and, if it appears that they have not done so, but have substituted an arbitrary, inflexible rule instead of their judgment, their work cannot stand. *State* v. *District Court,* 29 Minn. 62, (11 N. W. Rep. 133.)

For the reason that there was no established grade, and that the assessment was made on an illegal principle, the proceeding was void, and the order of the district court is reversed.

(Opinion published 53 N. W. Rep. 800.)

---

### ON REARGUMENT.

GILFILLAN, C. J.   When this case was before us at the last October term, we held the assessment to be invalid for two reasons, one of which was that by the charter of the city of Duluth the permanent grade of a street must be established before proceedings for the permanent improvement of the street at the expense of property benefited can be begun.   Of this point, on the suggestion that an amendment to the charter made in 1891 had been overlooked, we granted a reargument.

The amendment of 1891, to which our attention is now called, and which, it is claimed, has the effect to dispense with the necessity of establishing the grade of a street before proceeding to permanently improve it, is Sp. Laws 1891, ch. 55, § 17, amending the charter, Sp. Laws 1887, ch. 2, subch. 5, § 7, (which section had no relation whatever to the question now in hand,) by adding as follows: "If for any cause any assessment heretofore or hereafter made by the city of Duluth for any local improvement shall be set aside by any court, or, by reason of any irregularity or omission, shall be pronounced invalid, or shall be in fact invalid, the board of public works are authorized to reassess the cost of making said improvement upon the property benefited thereby, in proportion to the benefit that such piece or parcel of land has received."

As, according to the original charter, amended in 1889, as construed by this court, the previous establishment of a permanent grade goes to the power or authority of the common council to order the permanent improvement,—to its jurisdiction, so to speak,—the amendment of 1891 does not dispense with the necessity of first establishing a grade, unless it also dispenses with any other matter or thing necessary to such power or authority, or prescribed for the exercise of it.   For instance, by Sp. Laws 1891, ch. 55, § 14, the coun-

cil has no power to order the work to be done until the matter has been first referred to the board of public works, and if they report adversely the council cannot order the work done, except by a two-thirds vote of all the members of the council-elect, and, if the board report unanimously against it, then by a three-fourths vote of all the members. These provisions, as well as that requiring a permanent grade, are intended for the protection of property owners, and, if any one can be dispensed with, all can. Without questioning the power of the legislature to authorize an assessment where the work has actually been done, and the property actually benefited, though all preliminary acts were omitted, it would require a clear expression by the legislature before we could hold it intended to do away with provisions so manifestly carefully inserted in the charter for the protection of property owners. There is no such clear expression of legislative intent in Sp. Laws 1891, ch. 55. The terms of the act may have full effect by holding that it applies to a case where there was authority to make the original assessment, but it is invalid by reason of some irregularity or omission not affecting the jurisdiction of the council in the premises. It is conceded by respondents' counsel that such would be the effect of the amendment were it not for the words, "or shall be in fact invalid." Those words, he argues, were inserted so as to include cases where the original assessment may be invalid for reasons even going to the power of the council to order the work done. But a more obvious—indeed, a very apparent—purpose in inserting them was to enable the city, in case it discovered irregularities and omissions in the assessment, rendering it invalid, to correct them by a reassessment, without going to the trouble and cost of procuring the judgment of a court declaring the invalidity.

We adhere to our former decision.

VANDERBURGH, J., took no part in this decision.

(Opinion published 55 N. W. Rep. 122.)