STATE OF MINNESOTA *ex rel.* MIRON BUNNELL *vs.* JOSIAH D. ENSIGN, Judge, *et al.*

Argued May 15, 1893. Decided Aug. 1, 1893.

### Duluth Charter, as to Filing Street Assessment Rolls.

That provision of the charter of the city of Duluth (Sp. Laws 1887, ch. 2, subch. 5, § 10) which requires that the assessment roll and order confirmatory of the same, made by a district judge, shall be filed and preserved in the office of the board of public works is not open to any valid objection, constitutional or otherwise.

### Duluth Charter as to Bridging Streets.

Under said charter (subch. 5, §§ 1, 2,) the city is authorized to levy special assessments upon property benefited by the improvement, to cover the expense of bridging any street, and may exercise that authority without regard to the power which the city may possess to compel a railway company to viaduct or bridge its tracks at a street crossing.

### Assessment not Shown to be Improper.

Upon the evidence in this case it is *held* that it was not made to appear that the assessments in question were not made upon a proper basis.

### Other Unimportant Objections.

Other questions raised by the assignments of error considered and disposed of.

On February 16, 1893, Miron Bunnell filed in this court his relation, stating that on August 1, 1892, the Board of Public Works of the City of Duluth made an assessment of $55,184.66 upon adjacent property, to pay the expense of building a bridge on Lake Avenue over the tracks of the St. Paul & Duluth Railroad Company. That on August 15, 1892, the Board applied to *Hon. Josiah D. Ensign,* a Judge of the District Court, for confirmation of the assessment; that on January 31, 1893, the Judge confirmed the assessment; that $619.39 thereof was assessed against lots nine (9), ten (10) and eleven (11) in block twelve (12) of the Central Division of Duluth, fronting onto that avenue, and owned by relator. That the assessment roll and order of confirmation were next day filed in the office of the Board, but were never filed or entered in the District Court. That the City, prior to the assessment, made a contract with the Railroad Company, whereby it agreed to pay the City $50,000 in full of all assessments on its property benefited thereby,

and the City agreed to release the Company from its duty to build this bridge over its tracks. The relation further stated that the assessment was based solely upon the area of the several parcels of property assessed and their proximity to the improvement, and not upon their value or the benefit conferred; that the grade of Lake Avenue in front of relator's lots was raised fifteen feet to make an approach to the bridge; that his property received no benefit from the improvement, but was diminished in value thereby.

A writ of *certiorari* was allowed and issued to the District Court for the County of St. Louis, *J. D. Ensign,* Judge thereof, and to the Board of Public Works of the City of Duluth, commanding them severally to certify and cause to be returned to this court the evidence taken, proceedings had and records filed in said court or in the office of said Board touching the matters stated in the relation.

The respondents made return from which it appears that Lake Avenue runs from Superior Street south along the center of Minnesota Point; that the railroad runs along the shore of the lake and crosses this avenue at the neck of the Point, and that relator's lots lay west of the avenue and north of and adjoining the railroad, and that the bridge was to be at least two hundred feet long, carrying the avenue over the railroad tracks nineteen feet in the clear above the rails, and that seventy-five per cent. of the expense was assessed upon the adjacent property benefited by the improvement, and that $619.39 of the amount was assessed upon the relator's lots; that the assessment was confirmed, and that the entire record was filed in the office of the Board of Public Works.

*White, Reynolds & Schmidt,* for relator.

Under the charter of Duluth these proceedings are none of them ever filed in the court. They never became a part of the court's records. The whole theory of the proceedings is that the assessments are analogous to tax proceedings, with this difference, all tax proceedings are actually had in the court, the assessment rolls are filed therein and the judgment when rendered is a judgment filed in the court, and under the charge of its officers, while the nondescript, provided by this charter to be *res adjudicata,* is not found in the court which is supposed to have adjudicated upon the subject, but is to be found in the office of the Board of Public Works.

We may not have the decision of any court upon the exact question here before us, for we think it safe to say that no Legislature ever before provided that the record of a court may be kept in the plaintiff's office and by his clerk.

It became necessary for a viaduct to be built over the railroad tracks of the St. Paul & Duluth Railroad Company, which cost in round numbers $70,000. This expense ought to have been paid by the railroad company, but the City agreed to build it for $50,000, to be paid by the railroad company. This contract the City had no authority to make. *State ex rel.* v. *St. Paul, M. & M. Ry. Co.*, 35 Minn. 131; *State ex rel.* v. *St. Paul, M. & M. Ry. Co.*, 38 Minn. 246; *State ex rel.* v. *Minneapolis & St. L. Ry. Co.*, 39 Minn. 219; *Pontiac* v. *Carter*, 32 Mich. 164; *Schneider* v. *Detroit*, 72 Mich. 240.

The advantages to the lots along Lake Avenue by this improvement cannot be the same. A lot left fifteen feet below the grade, as was that of relator, cannot be benefited as much as one situated at grade. The lots were not assessed according to benefits, but according to an arbitrary rule assessing equal areas at equal distances upon or away from the avenue, equal amounts. This rendered the assessment invalid. *State ex rel.* v. *Judges of District Court*, 51 Minn. 539.

The railroad company was, by the City Charter, as liable to assessment for the improvement of this avenue as any other owner; yet it was excused by the City for a lump sum of $50,000. This was not a mistake made in the course of the assessment. We admit, if it were, we could not reach it in this proceeding, but it was an error lying at the foundation of the proceedings, and all subsequent proceedings in the case were founded upon it, and, being so founded, are invalid and void.

This fact, that a viaduct is carried along improved property near the middle of the second story, is enough to show that it must greatly deteriorate the value of such property, instead of being a benefit for which it should be assessed. As an appeal is denied from the decision of the court on this point, and we are compelled to come into this court by *certiorari*, this court can correct such errors as this, whereby property that beyond all question is greatly depreciated in value, is assessed for a benefit, and, at least, relieve relator from this unjust and burdensome assessment.

*H. F. Greene,* City Attorney, for respondent.

The assessment as made, bears a relation to area, but it nowhere appears in the return that the assessment was made with regard to area, or by a rule having regard to area, or neglecting the question of benefits. It does appear that the property of relator was benefited to the extent of the assessment. Such is the finding of the lower court. These facts distinguish this case from the case of *State ex rel.* v. *Judges District Court,* 51 Minn. 539.

The validity of the assessment has been assailed on the ground that the City Charter is unconstitutional. This is claimed because in the confirmation proceedings the assessment roll is not filed in the office of the Clerk of Court, but is filed in the office of the Board of Public Works. The discussion of this branch of this case would have been helped greatly, if counsel had pointed out the provision of the Constitution of Minnesota or of the United States which is violated by this law. As this has not been done we are left to conjecture. This identical clause has been several times before this court and has always been sustained. *Sherwood* v. *Duluth,* 40 Minn. 22; *State ex rel.* v. *Judges District Court,* 51 Minn. 539.

It is not a question involved in the present case, whether the District Judge acts as a court of record in this proceeding or whether the assessment rolls have the dignity and importance of judicial records. There is, however, no reason why the records of the court should not be kept in the office of the Board of Public Works instead of in the office of the Clerk of the District Court. The records are public records, kept in a public office, accessible to every one. *Palmer* v. *McMahon,* 133 U. S. 660; *Chauncey* v. *Wass,* 35 Minn. 1.

The relator claims that because the City had the power to compel the railroad company to build the bridge, it had no power itself to build it. The City Charter of Duluth, Sp. Laws 1887, ch. 2, subch. 5, § 2, is authority to the City to levy assessments. It provides that such assessments may be made for bridging any street. But the whole matter of the contract with the railroad company is entirely irrelevant. The City had the right to make the improvement, and if the relator was benefited by it, he can be made to pay therefor to the extent of the benefit. The improvement was a public necessity. That being the case, whether there was a contract between the City

and some third party for the making of the improvement has no bearing on this discussion. If there is a deficiency of evidence to show when this street was laid out, respondent cannot be prejudiced thereby. The burden is on relator. *State ex rel.* v. *St. Paul, M. & M. R. Co.*, 35 Minn. 131.

The relator complains that the Board of Public Works assessed according to areas instead of benefits, and claims that the assessment is therefore void. This objection is made for the first time in this court. The objections to confirmation in this case are in writing and in the return, and the one now under consideration is not among them. The District Court was not obliged to consider any objections not then made and every consideration of fairness requires that this court should not. These objections take the place of pleadings, and are the only notice of the issues raised. How is the City to know what evidence to produce, when the pleadings in the cause give it no notice? Is a case to be tried on one theory in the District Court and on another in the Supreme Court, by means of the side light thrown on these questions by evidence offered on other issues? It will be a grave injustice to the respondent to set aside the assessment on a ground in regard to which respondent has never had either notice or opportunity to produce evidence.

There is nothing before the court to show that area was the only thing had in view, or that the board neglected or overlooked the question of benefits.

The objection that the railroad property is not assessed is made for the first time in this court, and we think in common fairness to the City, should not be now considered. There is no evidence that the railroad company was in any respect benefited by the improvement, nor does it appear that the railroad property was subject to assessment. The burden as to both of these facts is on the relator. As a matter of fact this property is exempt from assessment. *County of St. Louis* v. *St. Paul & D. R. Co.*, 45 Minn. 510.

COLLINS, J. To an application made, in accordance with the charter of the city of Duluth, (Sp. Laws 1887, ch. 2, subch. 5, § 10,) to a judge of the district court by the board of public works for an order confirming a special assessment against his real property, the

relator filed six separate objections, all of which were overruled, and such assessment was confirmed. This proceeding was then instituted to test the validity of the confirmatory order.

1. It is urged by counsel for relator that the charter provisions under which the assessment was made and confirmed are unconstitutional and void, because the proceedings which end in the order of confirmation made by the District Judge are not required to be filed in the District Court and to become a part of the record of such court. To the contrary, it is expressly provided that the assessment roll, with the order of the judge confirming the same, shall be filed and preserved in the office of the board of public works as a part of the city records. To support their position counsel for relator have indulged in illustrations of what might happen should the ordinary files and records of the District Court be scattered about in various offices by means of similar enactments, but they have entirely omitted to specify what part of the fundamental law of the state has been encroached upon by this particular charter provision. As is said by respondents' counsel, discussion upon this branch of the case would have been greatly facilitated had the violated provision of the constitution been pointed out, and not left for conjecture. We have discovered no reason, constitutional or otherwise, why the assessment roll with the attached order of confirmation cannot be filed and preserved among other city records, to which they pertain, as well as in the office of the clerk of court.

2. It is argued in relator's behalf that the assessment roll and confirmatory order cannot stand because the city had the power to compel the railway company to viaduct or bridge the street where it was crossed by the tracks. If this were true, it would involve the proposition that because the city had this power it was without authority to make the improvement itself, assessing the cost of the same upon real property actually benefited. But in that part of the charter (subch. 5, § 2, supra) which confers authority upon the city to levy special assessments, it is expressly provided that "such assessments may be made for bridging any street." It is plain that, without regard to the compulsory power of the city over the railway company, the former was authorized to proceed with the street improvement itself, and to assess the cost of the same against all property thereby benefited. Again, even, if the charter provision

did not exist, it would be incumbent upon the relator to show that the street in question was within some statute which cast upon the railway company the duty of constructing the structure contemplated by the city authorities. Our attention has not been called to any such statute by counsel. They seem to assume that the law construed in *State ex rel.* v. *St. Paul, M. & M. Ry. Co.*, 35 Minn. 131, (28 N. W. Rep. 3,) applies, but that was a provision found in the charter of the railway company, relator in that action, and was simply held applicable to a street laid out and established prior to the construction of the railway.

3. It nowhere appears in the record that this assessment was not based upon the rule of actual benefits to the property assessed, or that such rule was in any degree disregarded. Taking the plat marked "Method Employed in Making Special Assessment" as part of the case, and of this there is a doubt, it was not shown that the assessment was made according to areas, to the exclusion of any consideration of benefits. On this point the case is entirely different from that of *State ex rel.* v. *Judges of District Court*, 51 Minn. 539, (53 N. W. Rep. 800.) It was shown in that case that in making assessments the board had not in many instances exercised its judgment as to benefits, but had based its assessments upon an arbitrary inflexible regulation as to areas. This vitiated the assessment, it was held.

4. Nor does it appear anywhere in the record that property of the railway was benefited, and should have been assessed in common with other benefited property, as provided in said subch. 5, § 8. It was incumbent upon the relator to establish the fact, if it existed, as his counsel seem to assert. That, under contract with the city, the railroad company bore the greater part of the expense of making the improvement does not prove that its property was benefited, and should have been assessed, any more than it confesses and establishes another proposition made by counsel, namely, that the company was under legal obligation, and could have been compelled by the city to construct the viaduct and its approaches at its own expense.

5. The relator asks us to review and reverse what amounted to a finding of fact by the district judge when confirming the assessment. This was that the relator's property had been benefited by

the improvement in question to the amount of the assessment as shown by the assessment roll. The well-settled rule in regard to ordinary findings of fact in cases tried by the court without a jury applies to this case. There was an abundance of evidence reasonably tending to support the conclusion of the judge, and we decline to disturb it. Nor is it necessary, in order to apply this rule, for us to determine that the action of the judge when confirming an assessment is a judicial proceeding, for the same rule applies where a finding on a question of fact is confided to the determination of an administrative officer. Nor do we determine that the action of the judge is *res adjudicata,* as it is declared to be by the charter.

6. The last point made by counsel is fully covered by the finding just referred to in respect to benefits to relator's property. Further, there is nothing in the charter which prohibits a change in sewer plans, and the adoption of another system than that provided for in the so-called "Herring Plans." That is what seems to have been done here. In any event, the claim that the relator is subject to a future assessment for a storm sewer constructed in accordance with the Herring plans need not be disposed of in advance. It will be proper to dispose of such an assessment when it is made.

Writ quashed.

(Opinion published 56 N. W. Rep. 41.)