## KATE HUGHES AND OTHERS v. S. A. FARNSWORTH.[1]

### June 29, 1917.

### Nos. 20,273—(103).

**Municipal corporation — assessment for paving street — benefits.**

1. Under the St. Paul city charter, assessments for the cost of paving streets must be in proportion to benefits conferred by the improvement.

**Same — assessment of benefits conclusive — exceptions.**

2. The assessment of benefits made by the commissioner of finance and the city council is final and conclusive upon the courts, unless the assessment is fraudulent or is made upon a demonstrable mistake of fact or upon an illegal or erroneous principle of law.

**Same — apportionment of taxes and assessments.**

3. The apportionment of taxes and assessments is a legislative function. If the question of benefits is a matter upon which reasonable men may differ, the determination of the taxing officers must be sustained.

**Same.**

4. A determination of the taxing officers of the city that lots abutting on a portion of a street where there are double street car tracks derive less benefit from the pavement of the street than lots fronting on another portion on which there is no car line, is within the power of such officers and it will not be disturbed by the courts.

In the matter of the application of city of St. Paul to the district court

[1]Reported in 163 N. W. 525.

for Ramsey county for judgment against the several parcels of land bene-fited by the paving of Marshall avenue from Snelling avenue to the Mississippi river, Kate Hughes and others filed objections. The case was heard before Michael, J., who made findings and ordered judgment confirming the assessment. From the judgment entered pursuant to the order for judgment, objectors appealed. Affirmed.

*Daniel W. Doty* and *Don S. Doty,* for appellants.

*O. H. O'Neill* and *J. P. Kyle,* for respondent.

HALLAM, J.

In 1915 the city of St. Paul paved Marshall avenue from Snelling avenue to the Mississippi river. The whole work was done under one order. From Fairview avenue west to the river there are double street car tracks in the center of the street. East of Fairview there are none. The St. Paul City Railway Company was required to, and did, pave the space between its tracks at its own expense. The city paved the balance of the street. The cost of the work done by the city was assessed against the abutting property. The trial court found that "the city council and the commissioner of finance divided the land abutting upon the whole improvement into two sections * * * one section being that upon which the street railway tracks were laid, and the other being that upon which there were no street railway tracks; that they ascertained the cost of paving each section, and assessed the cost of each section upon the land deemed benefited by it, being the lots abutting upon the street as improved * * * and in proportion to the benefits as they determined and ascertained them."

That is, it was determined that the property abutting on each portion of the street was benefited to the extent of the cost of paving that portion. The cost to the city of paving the portion of the street where there were tracks was naturally less than the cost of paving the whole street where there were no tracks. The result was that lots abutting on portions of the street where there were no tracks were assessed for a larger amount than lots abutting on the portion of the street where there were tracks.

The claim of appellant is that the commissioner of finance and the city council had no power to make an assessment in this manner, but

that the assessment should have been at a uniform rate from end to end of the street.

1. The function of the assessing officers of the city is not in doubt. Under the St. Paul city charter the commissioner of finance levies and assesses the cost of pavement "upon each and every * * * parcel of land * * * deemed benefited by such improvement * * * in accordance with the benefits deemed conferred thereon" and reports the assessment to the city council. Sec. 244.

The council "may modify, revise (or) amend such assessment." After public hearing and when the assessment is satisfactory to the council, it shall by resolution "ratify" the same and order it submitted to the district court for confirmation. Sec. 245.

2. Nor is the probative effect of the action of the assessing officers in doubt. The city charter provides that when the assessment is certified to the district court for confirmation that court on notice considers the same and may modify, alter, amend or revise the whole or any part of the assessment. When approved by the court, the court makes its order confirming the assessment. It is expressly provided that the only objections to the assessment that may be interposed in the district court are: (1) "That there is no valid final order for such improvement or improvements. (2) That the assessment is fraudulent or is made upon a demonstrable mistake of fact or upon an illegal or erroneous principle of law." Sec. 247. Except as to these defenses, the determination and assessment or estimate of benefits deemed accruing to property by the commissioner of finance and council is final. Sec. 255.

The contention in this case is that, although the city council determined that this assessment was made in proportion to benefits, it was not made in proportion to benefits at all but was made upon an illegal or erroneous principle of law.

3. The apportionment of taxes and assessments is a legislative function. Stinson v. Smith, 8 Minn. 326 (366); State v. Ensign, 55 Minn. 278, 56 N. W. 1006; Lightner v. City of Peoria, 150 Ill. 80, 37 N. E. 69. Unless there is a clear abuse of the legislative prerogative the courts must not interfere. If the question of what property is benefited is a matter upon which reasonable men may differ, then there is

no ground for the application of the rule that the board proceeded upon an illegal principle or an erroneous rule of law. As soon as it is admitted that the subject permits of honest difference of opinion, the objection to the conclusion of the board is answered. State v. District Court, 95 Minn. 503, 511, 104 N. W. 553.

4. We think the assessing officers might well determine that property abutting on a street on which there are double street car tracks derives less benefit from the pavement of the street than property fronting on another portion on which there is no car line. Clearly, reasonable men could entertain that view. The street car tracks and the operation of the cars thereon circumscribe the use of the street. In effect, they narrow the street so far as general travel is concerned. The situation is much the same in principle as it would be if one portion of the street from curb to curb were wider than another portion. It may well be said that a different method of taxation may be predicated on these differences in facts.

We get but little assistance from the authorities. Statutes and charters on this subject differ so much in their terms that decisions under one may have little bearing on cases arising under another. We think the decisions so far as applicable sustain the principle we have adopted.

In Lightner v. City of Peoria, 150 Ill. 80, 37 N. E. 69, it was held that where a street varies in width and part of it is traversed by a street railway, the city council may, in its discretion, divide the improvement into sections, the paving of each section to be paid for by a special tax on the property contiguous to that section.

In Findlay v. Frey, 51 Ohio, 390, 403, 38 N. E. 114, it was held that where a street is of different widths, it may, in a proceeding to improve it, be divided into as many sections as there are different widths and the property on each section assessed for the cost of the same. The court remarked that: "The same result could have been attained by separate proceedings. This, however, would have added to the expense, without any compensation to the property holders."

In Corby v. City of Detroit, 180 Mich. 208, 146 N. W. 670, it was held that property owners fronting on a street where it is narrow ought not to pay the same as those fronting on the street where it is wide, but,

under the particular charter involved, it was said there should have been separate assessment rolls.

In Barker v. Southern Const. Co. 47 S. W. 608, 20 Ky. Law Rep. 796, it was held that where some sidewalks were twice as wide as others, it was improper to assess the cost against abutting property at an average price per yard for the entire length of the street.

In Freese v. City of Pierre (S. D.) 158 N. W. 1013, it was held that each street in an assessment district should be charged its proportion of the charge to a whole district at a yardage ratio.

Cossitt Land Co. v. Neuscheler (N. J.) 60 Atl. 1127, cited by appellant, is opposed to the views we have set forth, but we cannot adopt its reasoning. Other cases cited are easily distinguishable. Simpson v. City of Kansas City, 46 Kan. 438, 26 Pac. 721, was decided under a statute which provided for assessment on a basis of valuation. In Dunker v. Stiefel, 57 Mo. App. 379, 383, the pertinent statute required that "each lot shall be charged in the proportion that its frontage bears to that of all the lots." In Trimble v. Stewart, 168 Mo. App. 276, 153 S. W. 1086, the statute under consideration required the whole cost of the improvement to be assessed against abutting property "in proportion to the front foot."

In State v. District Court, 29 Minn. 62, 11 N. W. 133, in the distribution of the cost of guttering, which was required on only part of a street to be graded, an arbitrary assessment of the amount on a frontage rule against the abutting property was made. This was set aside, but it was said that it was not necessary that all lots on the street be assessed for the guttering, that the criterion was the benefit conferred and that the board of public works must determine that question as one of fact. Similar principles were involved in State v. Judges of District Court, 51 Minn. 539, 53 N. W. 800, 55 N. W. 122, and City of Duluth v. Davidson, 97 Minn. 378, 107 N. W. 151. In the case at bar, the council determined that the property was benefited as it was assessed. The action of the council is sustained.

Order affirmed.