## CITY OF DULUTH v. DULUTH STREET RAILWAY COMPANY.[1]

January 30, 1920.

No. 21,574.

**Street paving — no liability on defendant after city has been paid in full.**

1. Under authority granted by a municipal ordinance, defendant occupied a portion of a paved street with its street-car tracks. The pavement had worn out and it was necessary to replace it. The city council adopted a resolution, to the effect that the street should be repaved and the cost paid out of a designated fund and assessed upon benefited property. This was done, but no part of such cost was assessed to defendant. By the collection of the assessments the city was fully reimbursed for its expenditures, insofar as the same were not properly chargeable to it. Upon this state of facts, it is *held* that an action will not lie to compel defendant to pay the cost of the paving done on the portion of the street occupied by its tracks.

**Apportionment of local assessment conclusive, when.**

2. The apportionment of special assessments for benefits derived from a public improvement is a legislative function. The conclusion of the city council or board of public works on that question will be accepted

[1] Reported in 176 N. W. 47.

as final, unless the members of the body making the assessment failed to exercise their judgment or proceeded upon an illegal principle or an erroneous rule of law.

Action in the district court for St. Louis county to recover $9,814.56, defendant's share of the cost of repaving a certain street. The case was tried before Dancer, J., who made findings and ordered judgment in favor of plaintiff for $320.65. From an order denying its motion to amend the findings, conclusions and order for judgment, plaintiff appealed. Affirmed.

*John E. Samuelson, Leonard McHugh* and *M. T. O'Donnell,* for appellant.

*Washburn, Bailey & Mitchell,* for respondent.

LEES, C.

This is an appeal from the judgment in an action to recover the reasonable value of paving done on a portion of a street in the city of Duluth which is occupied by defendant's line of street railway. In July, 1891, when certain territory now included in the city of Duluth, constituted the village of West Duluth, the village council, by ordinance, granted a franchise to defendant to construct and operate a street railway. Section 5 of the ordinance contained, among other provisions, the following:

"The said company shall be required to keep the surface of the street inside its rails and six inches outside its tracks in good order and repair. In the streets where the company shall operate a double track, it shall be required to keep the space between its rails and tracks in good order * * * and whenever the village council shall order a street paved, it shall be the duty of said street railway company to pay six cents per lineal foot of track on account of extra expense of paving between said tracks and rails. * * * If the said company shall neglect to obey any order which the village council shall make * * * relative to any repairs of the streets, which the said company, by the provisions of this ordinance, are obliged to make, the said village council may cause the same to be made and collect the expense thereof from said company, so far as the same are chargeable to said company under the provisions thereof."

In 1894, by act of the legislature,[1] the village of West Duluth was annexed to the city of Duluth. The act provided that such annexation should not be construed to affect any right, contract entered into with, or franchise granted by, the village prior to the date of such annexation.

Prior to 1911 and pursuant to the franchise granted by the village, the defendant constructed a double line of street railway on Grand avenue within the original limits of the village. Grand avenue had been paved with wooden blocks and the pavement had worn out, making it necessary to replace it, and, in the summer of 1911, plaintiff caused it to be repaved. Defendant's tracks occupied 4718.9 square yards of the area so repaved, and extended 5344.1 lineal feet within such area. The reasonable cost of the paving was $2 per square yard, plus two per cent to cover engineering expenses and superintendence.

This action was brought to recover $9,814.56. The court found that plaintiff was entitled to recover six cents for each lineal foot of track defendant had in the paved area, or $320.65, and no more.

At the outset of our consideration of this case, we encounter an insuperable obstacle to plaintiff's alleged right to a recovery of a greater amount than that awarded. It appears from the findings that on January 3, 1910, the city council, by resolution, directed the board of public works to proceed to repave the street and to pay the cost thereof out of the permanent improvement revolving fund and assess the same upon benefited property. The improvement was made in accordance with the resolution. While the work was going on, plaintiff levied an advance assessment of $29,365.07 upon abutting real estate found to be benefited by the improvement. The assessment was duly confirmed. When the improvement was completed a final assessment of $6,518.09 was levied upon the same property, and the cost of paving street intersections and constructing storm sewers, amounting to $19,019.55, was assessed against plaintiff. This assessment was also confirmed. The owners of all the property assessed have paid their assessments in full, and plaintiff has paid from its general fund into its permanent improvement revolving fund the amount assessed against it. Sections 64a and 372a of the city charter expressly provide that the cost of paving street intersections and constructing storm sewers shall be paid by general taxation, and that no assessment of the cost thereof shall ever be made.

[1][Sp. Laws 1891, p. 643, c. 56, § 2.]

Defendant was not assessed for any portion of the cost of the improvement. It may be inferred that the board of public works determined that defendant was not specially benefited by the improvement, and in that case the rule that the apportionment of assessments is a legislative function would apply. The conclusion of a city council or board of public works, upon the question of benefits derived from a public improvement by property which may be assessed therefor, will be accepted as final, unless it appears that the members of the council or board failed to exercise their judgment, or proceeded upon an illegal principle or an erroneous rule of law. City of Duluth v. Davidson, 97 Minn. 378, 107 N. W. 151; Hughes v. Farnsworth, 137 Minn. 295, 163 N. W. 525. Another permissible inference from the failure to assess defendant is that the board of public works was of the opinion that only six cents for each lineal foot of defendant's tracks in the paved area were chargeable to it under the terms of its franchise. If that were the conclusion and if it were justifiable, defendant would not be within the scope of section 373 of the Duluth city charter, which provides that, when a street railway company is bound by ordinance or contract to pay a portion of the expense of a public improvement, the amount with which it is chargeable may be assessed against it and the balance only upon real estate benefited thereby. Whether defendant's franchise required it to pay for paving between its rails is a debatable question. If the board of public works had construed it to require such payment, it is to be presumed that it would have done its duty and made an assessment against defendant. The action of the board was not questioned until this suit was brought, nearly six years after the whole matter had been closed. By the collection of the assessment on abutting property, plaintiff has been fully reimbursed for its expenditures insofar as the same were not properly chargeable to it. Although plaintiff has suffered no loss and has paid nothing it was not bound to pay, it now asserts for the first time that defendant should have been compelled to pay for a substantial portion of the paving and that the owners of abutting property were required to pay too large an amount. If this contention is sound, no one except such owners have suffered a loss, and they are not complaining.

Plaintiff refers to section 1793, G. S. 1913, relating to the rights of property owners on the abandonment of an improvement after an assess-

ment has been paid and to assessments for more than the cost of an improvement, but this is not a case where a proposed improvement has been abandoned or the amount of an assessment has exceeded the cost of the improvement, and the statute does not apply.

Plaintiff contends that it had no power to make the assessment that was made, citing Minneapolis, St. P. R. & D. Ele. T. Co. v. City of Minneapolis, 124 Minn. 351, 145 N. W. 609, 50 L.R.A.(N.S.) 143. That was a case involving the validity of a contract, by which an attempt was made to obligate the city to pay part of the cost of strengthening a bridge, so that a traction company might run its cars over it. It was held that the city might avoid the contract as ultra vires. The case at bar involves the power of a city to apportion a special assessment levied upon property benefited by the improvement. Authority to make an assessment is conceded, but it is claimed that some of the property subject to assessment was overburdened, while other property was not assessed enough. The assessment may have been unequal, but, in making it, the city did not exceed its powers, and the principle stated in the case cited has no application.

City of Red Wing v. Wisconsin-Minnesota L. & P. Co. 139 Minn. 240, 166 N. W. 175, is cited to the point that in bringing this action plaintiff occupies the position of a trustee for the property owners whose property was assessed. That case involved the enforcement of a contract between the city and a gas company, fixing rates to be charged for gas furnished to consumers. It was held that the city had a sufficient interest in maintaining this provision of the contract for the benefit of its inhabitants to sustain the action. We see nothing in the case helpful to plaintiff. If the property owners, for whose benefit this action is said to be brought, were erroneously assessed for too great a proportion of the cost of the improvement, they might have attacked their assessments on that ground, but they failed to do so. Having paid the assessments in full and the time within which their validity might have been called in question having long since gone by, plaintiff is in no position to assert, in behalf of property owners, possible rights which they may have had when the assessments were made and confirmed. Neither may it assert such possible rights in its own behalf for reasons already stated.

We refrain from considering any of the other questions presented in

the arguments of counsel. They are important and interesting, but their solution is not necessary to the disposition of the case.

We conclude that plaintiff cannot maintain this action, except as to its claim for six cents per lineal foot of track in the paved area. Its right to recover this item is conceded, and, in limiting plaintiff's recovery to that amount, the learned trial court correctly disposed of the case.

The judgment appealed from is affirmed.