IN THE MATTER OF THE ASSESSMENT OF BENEFITS, COSTS AND EXPENSES ARISING FROM THE PAVING OF CONCORD STREET FROM ADA STREET TO ANNAPOLIS STREET, INCLUDING SEWER, WATER AND GAS CON- NECTIONS FROM STREET MAINS TO PROPERTY LINES, AND PAVING ALLEYS, DRIVEWAYS AND STREET INTERSECTIONS, AND SANDSTONE CURBING.[1]

March 11, 1921.

No. 22,171.

**City of St. Paul—confirmation of local assessment for benefits.**

1. Under the home rule charter of St. Paul assessments for local im- provements are made in accordance with benefits. Their apportionment is legislative in character. The determination of the assessing body is not conclusive. If made upon a demonstrable mistake of fact or upon the application of an erroneous principle, it is subject to review. The court, upon the application for a confirmation of an assessment, may modify it because excessive, or may strike out a parcel upon the ground that no benefits accrued to it.

**Taking private property without just compensation.**

2. The charging of property with a lien for an improvement is a tak- ing for public use, and, if private property is assessed for a public im- provement a sum greatly in excess of the benefits conferred, it is a tak- ing without just compensation and invalid under fundamental prin- ciples of constitutional law.

**Appeal from confirmation of assessment—what reviewable.**

3. Upon the application for the confirmation of an assessment, it is for the district court to make its finding with the principles stated in view. On appeal this court reviews the question of the sufficiency of the evi- dence to sustain the trial court's finding, using the rule applicable in other cases where a finding is attacked, and does not reverse if there is evidence reasonably sustaining it.

**Evidence required modification of assessment.**

4. The evidence sustains the finding of the trial court that certain property assessed was not benefited by the improvement and that cer- tain other property was assessed for amounts greatly in excess of the

[1]Reported in 181 N. W. 859.

benefits conferred, and the court was justified in striking from the assessment the property first mentioned and modifying the assessment of the other property by a reduction.

Upon application to the district court for Ramsey county to confirm the assessment for paving Concord street from Ada street to Annapolis street, in the city of St. Paul, John C. Elzy and others filed objections. The matter was heard by Dickson, J., who made findings and ordered that certain property of the objectors Henry Von Der Weyer, John C. Elzy, Walter H. Sanborn and Edward P. Sanborn be stricken from the assessment roll. From the judgment entered pursuant to the order for judgment, the city of St. Paul appealed. Affirmed.

*Arthur E. Nelson* and *C. F. McNally,* for appellant.
*Edward P. Sanborn,* for respondents.

DIBELL, J.

This is an appeal by the city of St. Paul from a judgment of the Ramsey district court striking certain property from an assessment, and modifying the assessment by reducing the amounts assessed upon other property, for the paving and improving of Concord street.

The court found that the property stricken was not benefited by the improvement, and that the assessment upon the other property was greatly in excess of the benefits.

1. St. Paul has a home rule charter. The assessment of property is to be made "in accordance with the benefits deemed conferred thereon." Section 244. It is a defense at the hearing before the district court upon the application for a confirmation "that the assessment is fraudulent, or made upon a demonstrable mistake of fact, or upon an illegal or erroneous principle of law." And "at such hearing the court may modify, alter, amend, revise the whole or any part of such assessment, or strike out any parcel of land therefrom upon the ground that no benefits inured thereto." Section 247.

Construing the charter we held in Hughes v. Farnsworth, 137 Minn. 295, 163 N. W. 525, that, while assessments must be in proportion to benefits, the apportionment is a legislative function, and that the determination of the assessing body is not conclusive upon the courts if the assessment is made upon a demonstrable mistake of fact or upon an er-

roneous or illegal principle of law. In the case cited there was no question of an assessment in excess of benefits. The objecting property owners complained because the assessing authorities assessed lots abutting on the portion of a street carrying car tracks less than the portion free of tracks. Their complaint was that benefits were necessarily equal and the assessments should be uniform. And, in sustaining the district court which confirmed the assessment, it was said in substance that, if reasonable men could differ, the determination of the assessing officers must be upheld. And see Sullwold v. City of St. Paul, 138 Minn. 271, 164 N. W. 983, Ann. Cas. 1918E, 835. Still, the charter contemplates that a parcel may be stricken from the assessment because not benefited, and that an assessment may be modified because excessive. Section 247.

2. Emphasis is rightly enough put upon the legislative character of the apportionment of assessments and the weight to be accorded the determination of assessing officers. But it is not to be overlooked that charging private property with a lien for public improvements is a taking for public use, and that, if property not benefited is assessed, or if an assessment is greatly in excess of benefits, the taking is without just compensation and is unconstitutional. It was in recognition of this principle of fundamental law that we said in State v. City of Ely, 129 Minn. 40, 151 N. W. 545, Ann. Cas. 1916B, 189: "Special assessments for local improvements rest upon the theory that the property so assessed is specially benefitted by the improvement, and a special assessment which exceeds the amount of such special benefit is, as to such excess, a taking of private property for public use without just compensation." And see State v. Brill, 58 Minn. 152, 59 N. W. 989; State v. Pillsbury, 82 Minn. 359, 85 N. W. 175; State v. Robert P. Lewis Co. 82 Minn. 390, 85 N. W. 207, 86 N. W. 611, 53 L.R.A. 421; Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. ed. 433; Myles Salt Co. v. Board of Commrs. of Iberia Drainage Dist. 239 U. S. 478, 36 Sup. Ct. 204, 60 L. ed. 392, L.R.A. 1918E, 190.

The principle that the apportionment of assessments is a legislative function is to be given effect. It cannot be extended so as to authorize an unconstitutional taking of private property. The charter in a section before cited provides a remedy against an assessment where there is no

benefit and against an excessive assessment when there is a benefit. Section 247.

3. It was for the trial court upon the hearing on the application for the confirmation of the assessment to make its determination, having in mind the legislative character of the assessing body, and the weight to be accorded its findings, and the fundamental constitutional provision inhibiting the taking of private property without just compensation. We review the finding of the trial court. In our determination of the sufficiency of the evidence to sustain the finding we are guided by the rule, applicable in other cases, that the evidence must be against the findings to justify a reversal. See Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854; Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L.R.A. 1917A, 685; Freeburg v. Honemann, 126 Minn. 52, 147 N. W. 827; Young v. Baker, 128 Minn. 398, 151 N. W. 132, and cases cited. The trial court makes its finding having in mind the considerations which should influence it in determining the validity of the assessment. We pass upon the sufficiency of the evidence to sustain its finding as in other cases.

5. Some of the property involved is northerly and some is southerly of Concord street. The plan was to assess the property abutting on the street to the depth of a lot, but not to a distance exceeding 150 feet. The right of way of the Chicago Great Western Railroad Company is along the property involved and northerly of the street. For a part of the distance the right of way immediately adjoins the street and at another place there is an irregular half-block of lots between. Some of the tracts northerly of the right of way are platted and some unplatted. None abut on the street. The greater portion of them, in area, are not within 150 feet of the street. Two of them are unplatted tracts, one of about five acres and the other of about three, running back from 250 to 600 feet from the right of way. One is 30 feet by 214 within the 150 foot limit. The other is wholly without. These two tracts have no access to Concord. Two platted tracts, on either side of Arthur street which crosses Concord, are assessed. One of these, a small triangular tract, is within 150 feet of the north line of Concord, but with the railway tracks between. The other, an irregular tract running back some 500 feet from the railroad right of way, has a small portion within 150 feet

of the northerly line of the street. None abut on Concord. None can reach Concord except indirectly through Arthur street, which is unimproved and unopened and unfit for travel and is occupied by a wide and deep open sewer for its entire length. The tracts northerly of the street the court found were not benefited by the improvement and they were stricken from the assessment.

The other property involved is southerly of Concord, abuts upon it, and is within the 150 foot limit. The court found this property benefited. It found the assessment greatly in excess of the benefits and reduced it.

A careful consideration of the evidence discloses no error in the findings.

Judgment affirmed.