# IN RE ASSESSMENT FOR PAVING MISSISSIPPI RIVER BOULEVARD.[1]

November 26, 1926.

No. 25,613.

**Special assessment was made on erroneous principle of law and confiscatory.**
    1. The evidence supports a finding that a special assessment upon respondent's property was made on an erroneous principle of law and exceeded the special benefits to the property to such an extent as to be confiscatory.

**Findings should be sufficient to authorize judgment entered.**
    2. As a general rule findings should cover all the issues of fact but the court is not required to pass upon issues which are not determinative of the case, the rule being that the findings should be sufficient to authorize the judgment entered.

**Trial court was justified in reducing assessment to amount of special benefits.**
    3. Having found the amount of the special benefits, the trial court was justified in reducing the assessment to that amount and was not required to remand the proceeding to the assessing body.

Municipal Corporations, 28 Cyc. p. 1180 n. 63; p. 1181 n. 73, 76.
Trial, 38 Cyc. p. 1964 n. 83; p. 1969 n. 99.

The city of St. Paul appealed from a judgment of the district court for Ramsey county, Bechhoefer, J., reducing special paving assessments. Affirmed.

*Arthur A. Stewart* and *Eugene M. O'Neill,* for city of St. Paul.
*John E. Stryker* and *Edward P. Sanborn,* for respondent.

LEES, C.

Upon a hearing of the application of the city of St. Paul for the confirmation of a special assessment of $6,132.61 upon respondent's property for benefits derived from the paving of the Mississippi

[1]Reported in 211 N. W. 9.

River Boulevard, the court found that the assessment was made on an erroneous principle of law, was arbitrary, exceeded the special benefits to the property, was confiscatory and that the total benefits did not exceed $2,050, to which sum the assessment was reduced.

The city moved that the findings be amended by adding that when, in the exercise of the power of eminent domain, part of respondent's land was taken for the boulevard, only an easement for park purposes was acquired. The motion was denied, as was a motion for a new trial, and judgment was entered. This appeal is from the judgment.

If the paving assessment was as grossly excessive as the court found it to be, it amounted to a taking of respondent's property for public use without just compensation therefor. Such an assessment cannot be sustained. This is no longer an open question in this state. State ex rel. v. City of Ely, 129 Minn. 40, 151 N. W. 545, Ann Cas. 1916B, 189; In Re Assessment for Paving Concord Street, 148 Minn. 329, 181 N. W. 859; Armour v. Village of Litchfield, 152 Minn. 382, 188 N. W. 1006. Hughes v. Farnsworth, 137 Minn. 295, 163 N. W. 525, is not in conflict.

But it is argued that in making the finding the trial court failed to give due weight to the determination of the assessing body that the special benefits amounted to $6,132.61. The determinations of public officials acting in a legislative or administrative capacity are not to be lightly disturbed by the courts. That principle was recognized in Re Assessment for Paving Concord Street, supra, and serves as a guide to trial courts in reviewing special assessments, and to this court in examining the findings when the sufficiency of the evidence to support them is challenged, but as in other cases, we do not reverse unless the evidence is against the findings. In re Assessment for Paving Concord Street, supra.

Respondent's land consists of a long, narrow, irregularly shaped parcel, bounded on the west by the boulevard and on the east by Cleveland avenue. It is described in In re Taxes, 149 Minn. 335, 183 N. W. 671. Since that case was decided the Ford Plant has been located about a mile to the north and is served by a line of

railway east of and near respondent's property. Owing to the changed conditions the property is no longer desirable as a place of residence, but in time it may have considerable value for industrial purposes. In levying the assessment the city officials divided the property by a north and south line and confined the assessment to the portion lying west of the line. The basis upon which the entire assessment was levied was the cost per square yard of a 12-foot strip of paving for the whole length of the property, less 70 feet in respondent's case, plus 60 cents a lineal foot for curbing. Most of the property assessed had a much greater depth than respondent's property. The evidence shows that a strip of land acquired for park purposes, which lies between the west line of respondent's property and the east line of the roadway, varies in width from 10 to 60 feet and cuts off respondent's access to his property from the roadway except by way of a private driveway which he has used ever since the land was appropriated. His land without the improvements thereon is assessed at $15,010. An experienced dealer in real estate, who testified in his behalf, valued it at $12,000. The only witness for the city was the chief of the bureau of assessments in the department of finance. He gave it as his opinion that the property was specially benefited to the full amount of the assessment, while respondent and his witnesses gave it as their opinion that it derived no substantial benefits not common to the city at large.

It is unnecessary to go into greater detail. We are satisfied that the facts and circumstances disclosed by the record support the findings, and hence they must be sustained.

It is urged that a finding should have been made determining the nature of the title acquired by the city in the condemnation proceedings. As a general rule findings should cover all the issues of fact, but the court is not required to pass upon issues not determinative of the case, the rule being that the findings should be sufficient to authorize the judgment entered. Dun. Dig. 9851.

Whether the assessment was made on an erroneous principle of law, and whether it exceeded the special benefits to the property, were the ultimate questions of fact to be determined. The extent and nature of the rights acquired by the city in the condemnation

proceedings were facts of an evidentiary nature and were not essential to support the judgment entered. Presumably the court considered all such matters in making findings of fact. The finding that the special benefits did not exceed $2,050 necessarily led to the conclusion that the assessment should be reduced to that amount, supports the conclusions of law, and furnishes a sufficient basis for the judgment.

The final contention is that the court had no authority to fix the amount of the assessment and that if it was excessive the whole matter should have been remanded to the assessing body to make a new assessment. That contention is disposed of by the provisions of the city charter referred to in Re Assessment for Paving Concord Street, supra, and cannot be sustained. See also Armour v. Village of Litchfield, supra.

The judgment is affirmed.