IN RE ASSESSMENT FOR WIDENING EAST FOURTH
STREET IN ST. PAUL FROM SIBLEY STREET
TO WACOUTA STREET.[1]

December 2, 1927.

No. 26,243.

**Local improvement assessment must not exceed the benefit to property assessed.**
1.  Assessments for local improvements must not exceed the benefit to the property assessed.

**Property may be benefited by an improvement even though the revenue from it is not increased.**
2.  Property devoted to the most valuable use of which it is capable may be benefited by an improvement although the improvement does not increase the revenue from the property.

[1]Reported in 216 N. W. 607.

**Local assessment is legislative determination that the land is benefited and is valid unless based on mistake or erroneous principle of law.**

    3.  Making assessments is an exercise of legislative power; and an assessment against a parcel of land is in the nature of a legislative determination that it is benefited to the extent of the assessment, and must stand unless shown to be based on a mistake of fact or an illegal or erroneous principle of law or in excess of benefits.

**Finding sustained that improvement benefited the property.**

    4.  The finding that widening the street in front of the union depot in the city of St. Paul benefited the depot property to the extent of the assessment against it and that such assessment does not violate the uniformity rule is sustained by the record.

Municipal Corporations, 28 Cyc. p. 1104 n. 30; p. 1128 n. 84; p. 1129 n. 90, 91; p. 1152 n. 29; p. 1156 n. 72; p. 1167 n. 61; p. 1180 n. 63, 67.

See note in 58 L. R. A. 363; 28 L.R.A.(N.S.) 1172; 25 R. C. L. 143; 3 R. C. L. Supp. 1406; 5 R. C. L. Supp. 1313.

The St. Paul Union Depot Company appealed from a judgment of the district court for Ramsey county, Bechhoefer, J. confirming an assessment against its property. Affirmed.

*O'Brien, Horn & Stringer,* for appellant.

*Arthur A. Stewart* and *Eugene M. O'Neill,* for respondent.

TAYLOR, C.

The St. Paul Union Depot Company appeals from a judgment of the district court of Ramsey county confirming an assessment of $20,000 against the union depot property for widening the street in front of that property.

    1.  Block 28 of St. Paul proper lies on the south side of Fourth street between Sibley and Wacouta streets. The Union Depot company owns this block and other land south of it not involved herein, and has erected thereon a union depot costing several million dollars which fronts north on Fourth street but sets back from the street 100 feet. A curved driveway to the entrance and a lawn occupy the intervening space. The block between Sibley and

Wacouta streets on the north side of Fourth street was built up solidly with business buildings. The improvement consisted in condemning and taking a strip of land 20 feet in width across the south side of this block for the purpose of widening Fourth street in front of the depot. It shortened the lots by 20 feet and cut off 20 feet from the front of the buildings thereon. The improvement cost $170,729.34. The city assessed $20,000 of the cost against block 28, $17,449.57 against other benefited property, and paid the remainder out of the city treasury.

Appellant contends that block 28 is not specially benefited by the improvement, and that even if benefited the assessment against this block is relatively much higher than the assessments against other benefited property in violation of the uniformity rule.

2. The charter of the city of St. Paul provides that the only defenses and objections to such an assessment shall be:

"1. That there is no valid Final Order for such improvement or improvements.

"2. That the assessment is fraudulent, or made upon a demonstrable mistake of fact, or upon an illegal or erroneous principle of law."

The trial court found that there was a valid final order for the improvement, and

"that said assessment is not fraudulent and was not made upon a demonstrable mistake of fact or upon an illegal or erroneous principle of law that the assessment of benefits against the property of the objector does not exceed the benefit secured or to be secured to said property by said improvement and that such assessment is on a basis of equality with other property benefited."

3. Appellant invokes the unquestioned rule that an assessment for a local improvement upon property not specially benefited thereby, or substantially in excess of such benefits, is a taking of private property without compensation and cannot stand. State ex rel. Oliver I. Min. Co. v. City of Ely, 129 Minn. 40, 151 N. W. 545, Ann. Cas. 1916B, 189; In re Assessment for Paving Concord St.

148 Minn. 329, 181 N. W. 859; Armour v. Village of Litchfield, 152 Minn. 382, 188 N. W. 1006; In re Assessment for Paving Mississippi River Blvd. 169 Minn. 231, 211 N. W. 9.

Appellant concedes that the test in this state is not whether the property is enhanced in value for the particular purpose to which it is devoted at the time of the assessment, but whether it is enhanced in value for any purpose. But it claims that where property is put to the use for which it is most valuable, it is not subject to assessment for a local improvement unless the improvement enhances its value for that use; that block 28 is more valuable for depot purposes than for any other; and that the improvement in question does not enhance the value of its use for that purpose. Respondent does not seriously question that the property is devoted to the use for which it is most valuable, but disputes the other claims.

4. The purpose in widening the street was to improve the approach to the depot, to lessen the congestion of traffic in front of the depot and to give it a better "setting." It may be true, as claimed by appellant, that the improvement will not increase the number of passengers who will use the depot nor the business or earnings of the company, but it does not necessarily follow from the fact that the revenues from the property are not augmented that the property is not benefited. If the improvement makes access to the depot more convenient, or makes the property more valuable or desirable for depot purposes, it has received a benefit. Under the conceded test, if the improvement enhances the value at which the property would be taken by a depot or railway company or other purchaser who desired to acquire it for depot or other purposes, it is subject to assessment.

5. Laying and apportioning assessments is legislative in its nature, and an assessment made by the body charged with that duty is presumed to be lawful and correct, both as to the property assessed and the amount assessed against it; and the courts can interfere with the conclusions reached by the assessing body as evidenced by the assessment only when they are clearly shown to be

erroneous.   The cases emphasize that apportioning assessments is the exercise of a legislative power, and that an assessment against a particular parcel of property is in the nature of a legislative determination that such property is specially benefited to the extent of the assessment, and that consequently such determination, unless fraudulently made, can be set aside only when based "upon a demonstrable mistake of fact or upon an illegal or erroneous principle of law," to use the language of the charter.   Hughes v. Farnsworth, 137 Minn. 295, 163 N. W. 525; Sullwold v. City of St. Paul, 138 Minn. 271, 164 N. W. 983, Ann. Cas. 1918E, 835; City of Duluth v. Duluth St. Ry. Co. 145 Minn. 55, 176 N. W. 47; In re Assessment for Paving Concord St. 148 Minn. 329, 181 N. W. 859; In re Improvement of Lake of the Isles Park, 152 Minn. 29, 188 N. W. 54; In re Assessment for Improving Robert St. 164 Minn. 31, 204 N. W. 558; In re Assessment for Paving Mississippi River Blvd. 169 Minn. 231, 211 N. W. 9; In re Assessment for Improving Superior St. 172 Minn. 554, 216 N. W. 318.

6.   Whether block 28 was specially benefited by the improvement and, if so, whether the assessment against it was excessive were the issues litigated at the trial.   Appellant contended that the block received no benefit and presented evidence to the effect that the business and earnings of the company and the use made of the depot would be no greater with the improvement than without it. Appellant further contended that in any event the assessment was excessive as compared with the assessment of $8,996.11 against the block from which the strip was taken, as both blocks had approximately the same frontage on the street and were of approximately the same area.

The assessment was not apportioned according to frontage or area, but according to benefits; and respondent presented evidence tending to show that block 28 was not only specially benefited but was benefited far more than the other block.   Respondent also points to the fact that appellant paid $265,000 for the Sherman Hotel property, located on block 28 at the corner of Fourth and Sibley streets, and removed that hotel building in order to secure

a better "setting" for its depot and a better approach to it, as indicating that appellant itself recognized that a better "setting" and a better approach was of value to the depot property, even if it did not increase the revenue from it. The trial court found that block 28 was benefited to the extent of the assessment and that the assessment was not excessive as compared with the assessments against other property; and we find nothing in the record which requires or would warrant a finding that the assessing board based its action upon a mistake of fact or upon erroneous principles of law. It follows that under the rules .governing such matters, the judgment must be· and is affirmed.

STONE, J. took no part.