[1] Reported in 252 N.W. 451, 253 N.W. 761.
This was a proceeding for the acquisition and improvement for park purposes of block 20 in the "town of Minneapolis" pursuant to L. 1911, c. 185, as later amended, generally known as the Elwell law. Benefits were assessed upon the real property of the Minneapolis St. Louis Railroad Company, and that company appealed to the district court from the assessment made by the commissioners. Pursuant to the provisions of § 3 of the act, the district court thereupon appointed three commissioners to reassess the railroad company's property. These commissioners viewed the property, heard the evidence, and arrived at the same assessment of benefits as that assessed by the first set of commissioners. They duly made their report, and after a hearing thereon the district court confirmed the report and the assessment so made. The case comes here upon appeal from the judgment entered pursuant to the court's final order.
No question is raised as to the regularity of the proceedings. The appellant in its brief contends that there could be no legal assessment made against its property for the reason that no benefits accrue thereto by reason of the improvement, for the uses to which it is put; that this property has been and will permanently be devoted to railroad purposes, its most valuable use, and the only one *Page 536 
to which it is reasonably adapted; that its value for such railroad purposes is greatly in excess of the market value of the property adjacent thereto; and that consequently there can be no increase of market value by reason of the improvement of block 20. However, upon the oral argument this position was abandoned, and it was admitted that the situation comes within the decision in In re Improvement of Superior Street, 172 Minn. 554,216 N.W. 318, and that if the court had properly instructed the commissioners which it appointed to assess the benefits and if they had, pursuant to such instructions, assessed such benefits against the railroad property, it would have no legal cause for complaint. It was, however, claimed that the report of the commissioners was impeached by the fact that they found identically the same amount of benefits in regard to each particular parcel of land that the original commissioners had found. It was further claimed that the application of the so-called "unit rule" by the commissioners was erroneous and illegal.
1. The principal question presented is whether or not the correctness of the instructions given by the trial court to the commissioners prior to their taking a view and hearing the evidence concerning the railroad property are to be reviewed here. The company made several requests for instructions which were refused, and it claims error in such refusal. The law makes no provision for instructions by the trial court to the commissioners appointed by it for the purpose of reassessing benefits or making awards in cases of this character. In this respect it is like the general law in regard to condemnation proceedings. Usually, in matters of importance, by agreement of counsel, the district courts have adopted the highly commendable practice of advising the commissioners as to what elements of damage or benefit they should take into consideration in making their award or assessment. This court approves of that practice, but may the correctness of such advice or instructions or may the refusal to instruct be reviewed here upon appeal? Neither party to this appeal has cited any authority upon this question, and we find none in the books. *Page 537 
It must be borne in mind that these instructions to the commissioners were given or refused by the trial court prior to the commissioners' view of the premises to be assessed and prior to their hearing of the evidence.
In the case at bar the court gave only very general instructions and did not go into the specific elements for consideration. It refused the company's requests which were more specific in relation to the enhancement of market value and as to railroad use. Later in the proceedings the court directed the commissioners to disregard benefits which might accrue from the construction of a United States post office on adjacent property. The details of these instructions need not be discussed in view of the conclusion at which we have arrived. There being no provision of law authorizing or requiring the court to instruct such commissioners, we regard the situation as within the court's discretion. It may advise the commissioners, or it may not, as the circumstances appear to require. Usually it is advisable to do so, but in the present state of the law a refusal to instruct is not reviewable here. Neither are the instructions which are given subject to review. The premises are viewed and evidence taken after advice from the court. The commissioners, as they did here, may always apply for light in reference to situations or questions which may arise, but after all this occurs the report under the Elwell law is brought to the court for confirmation and the court may set it aside for good cause and recommit the report or appoint a new board. If the court then finds that the commissioners have applied erroneous rules resulting in an unfair assessment, it takes appropriate action.
It must be borne in mind that the assessment phase of these proceedings is an exercise of the taxing power and that the courts assist therein as a matter of convenience. In City of Duluth v. Dibblee, 62 Minn. 18, 63 N.W. 1117, 1119, which involved the validity of a special assessment, Mr. Justice Mitchell, speaking for this court, said [62 Minn. 27]:
"It seems to us that counsel fail to appreciate the precise nature of these proceedings. They are but an exercise of the power of *Page 538 
taxation. The confirmation of the assessment and the rendition of judgment for the amount by the court are not 'judicial' in the strict sense. They are but steps in an administrative proceeding, in which judicial assistance is invoked as a matter of convenience, because with its assistance the rights of parties and the interests of the public can best be protected and conserved. In Matter of Trustees N.Y. P. E. P. School,31 N.Y. 574. These proceedings might have been conducted from start to finish before or by administrative bodies or officers, * * *. The nature of the proceedings is not changed by the mere fact that, at certain steps in their progress, the assistance of a court is invoked."
That in the same proceeding property may be acquired by eminent domain does not alter the aspect of the assessment proceeding as an exercise of the taxing power. City of St. Louis v. Buss, 159 Mo. 9, 59 S.W. 969. The proceeding being essentially legislative and the courts merely functioning for the convenience of the legislature, in the manner by it prescribed, it follows that in the absence of legislative provision for the instruction of commissioners by the trial court we do not review such instructions or the refusal to give them.
2. Neither do we find that the application of the so-called "unit rule" results in injustice to the company. It was entirely compatible with the exercise of independent judgment by the commissioners as to each parcel.
3. The fact alone that the commissioners arrived at the same assessments as the commissioners first appointed is not fatal. These commissioners viewed the premises, heard evidence, and quite evidently gave the matter the benefit of their own judgment. In re Acquisition of Lands in City of Minneapolis,161 Minn. 515, 200 N.W. 807.
The judgment and order are affirmed.
 ON APPLICATION FOR REARGUMENT.
On March 29, 1934, the following opinion was filed: