# G. E. QVALE v. CITY OF WILLMAR.[1]

December 27, 1946.

No. 34,245.

¹Reported in 25 N. W. (2d) 699.

T. O. *Gilbert*, for appellant.

R. W. *Stanford*, for respondent.

MAGNEY, JUSTICE.

Appellant is the owner of platted lots in the city of Willmar, the defendant herein. The city had constructed a water main on and along the street fronting certain of these lots and made an assessment against them and other lots for the cost of the installation. Appellant, contesting the assessment, appealed to the district court. The court confirmed the assessment, and appellant appealed from an order denying his motion for a new trial.

Appellant's lots lie between two streets. They have a frontage of 200 feet facing south on Litchfield avenue. These lots are 150 feet deep. North of these lots are two others owned by appellant facing Benson avenue. One of the latter, lot 5, is of normal size and shape and has a frontage of 50 feet on Benson avenue and is 123 feet deep. The other, lot 6, which lies directly west of lot 5, is irregular in shape. Its south line runs directly east and west, is 250 feet long, and for 200 feet abuts appellant's lots on Litchfield avenue. Its depth varies from 123 feet along its east line to 19 feet along its west line, making it almost triangular in shape. The long side of the lot fronts Benson avenue for a distance of 271.2 feet. Appellant's residence and garage are located on the lots facing Litchfield avenue, except that part of the garage extends over onto lot 6. A small outbuilding is entirely on lot 6. All of the lots are occupied by appellant as a unit in connection with his residence and are beautifully landscaped. On the north side of Benson avenue

the property is also platted, with 50-foot lots running northerly back to a railroad yard. Warehouse buildings are located on several of these lots. There is a water main in Litchfield avenue which services appellant's residence and grounds and, through hydrants, furnishes fire protection.

The city levied an assessment of $205.57 on lots 5 and 6 for the proportionate cost of the construction of the water main in Benson avenue. All the lots on Benson avenue were assessed on a lineal-foot basis and at 64 cents per lineal foot. Appellant contends that lots 5 and 6 were in no manner benefited by the installation of the water main and that the assessment was arbitrary, unequal, unjust, and invalid.

The city clerk and the city engineer calculated the amount to be specifically assessed against the various lots. They certified to the city council that such amount was arrived at on the basis of the benefits to the several lots and parcels and that all the lots and parcels described in the assessment roll, including the two lots here in question, were benefited by the improvement and in the amount set opposite each description. The city council made the assessment accordingly. The two lots were treated as one parcel in the making of the assessment. The east portion of the parcel assessed is therefore 50 feet wide and 123 feet deep. No complaint is made here against the joint or unit assessment of the two lots.

Section 175 of the city's charter provides that the city may construct, lay, re-lay, and repair water pipes and water mains on any of the city's streets, and may pay the whole or any part of the expense thereof by an assessment upon the real estate benefited thereby "in proportion to such benefits or upon the basis of the frontage of the parcels of property affected, without regard to valuation, * * *." Section 176 of the charter provides, among other things, that the city council shall have power to levy special assessments upon property benefited by the construction of any water main, and that, upon determining to proceed with any such construction, it becomes the duty of the city clerk, with the assistance of the city engineer, to prepare estimates of the assessments

necessary to be levied and to report the same to the city council. It further provides that unless otherwise directed by the city council such assessments shall be made upon the basis of the frontage of the parcels of property affected.

Appellant assigns several errors. Those of importance here are: That the court erred in finding "That the proceedings leading up to the assessment complained of herein were legal and proper and in accordance with the provisions of the Charter of the respondent herein, and that the assessment made herein was made in accordance with said Charter provisions"; that it erred in finding that "the property of appellant was and is benefited to the full amount of said assessment so made in these proceedings"; and that the findings of fact and conclusions of law are not justified by the evidence and are contrary to law. Appellant's contention is that the lots in question are in no manner benefited by the construction of the water main in Benson avenue.

■ In connection with the review by the courts of assessments for a public local improvement, this court has laid down certain legal principles. In In re Assessment for Improving Superior Street, 172 Minn. 554, 216 N. W. 318, it held that when an assessment for a public local improvement has been made by the proper municipal board or officers, under due legislative authority and in the regular course of procedure, such assessment is prima facie valid, and the burden rests upon the objector to prove its invalidity. It was also held that an assessment so made, in the absence of fraud, mistake, or illegality, is conclusive upon the courts, except that the questions of whether the property assessed received any special benefits from the improvement and whether the assessment made exceeds, to a substantial amount, the special benefits received are open for review by the courts. Board of Park Commrs. v. Bremner, 190 Minn. 534, 252 N. W. 451, 253 N. W. 761; In re Improvement of Third Street, 185 Minn. 170, 240 N. W. 355; In re Assessment for Widening East Fourth Street, 173 Minn. 67, 216 N. W. 607; In re Improvement of Lake of the Isles Park, 152 Minn. 29, 36, 188 N. W. 54, 57; Hughes v. Farnsworth, 137 Minn. 295, 163 N. W.

525; In re Assessment for Paving Concord Street, 148 Minn. 329, 181 N. W. 859; City of Duluth v. Davidson, 97 Minn. 378, 107 N. W. 151; State ex rel. Shannon v. Judges of District Court, 51 Minn. 539, 53 N. W. 800, 55 N. W. 122; State ex rel. Cunningham v. District Court, 29 Minn. 62, 11 N. W. 133.

■ The apportionment of taxes and assessments is a legislative function. If the question of benefits is a matter upon which reasonable men may differ, the determination by the taxing officers must be sustained. Hughes v. Farnsworth, 137 Minn. 295, 163 N. W. 525; Sullwold v. City of St. Paul, 138 Minn. 271, 164 N. W. 983, Ann. Cas. 1918E, 835; State ex rel. Eaton v. District Court, 95 Minn. 503, 104 N. W. 553. In In re Assessment for Widening East Fourth Street, 173 Minn. 67, 70, 216 N. W. 607, 608, we said:

"Laying and apportioning assessments is legislative in its nature, and an assessment made by the body charged with that duty is presumed to be lawful and correct, both as to the property assessed and the amount assessed against it; and the courts can interfere with the conclusions reached by the assessing body as evidenced by the assessment only when they are clearly shown to be erroneous. The cases emphasize that apportioning assessments is the exercise of a legislative power, and that an assessment against a particular parcel of property is in the nature of a legislative determination that such property is specially benefited to the extent of the assessment, and that consequently such determination, unless fraudulently made, can be set aside only when based 'upon a demonstrable mistake of fact or upon an illegal or erroneous principle of law.'" (Citing cases.)

In Board of Park Commrs. v. Bremner, 190 Minn. 534, 541, 253 N. W. 761, 762, we said:

"* * * The assessment is *prima facie* valid, and the burden rests upon the objector to establish its invalidity."

In 48 Am. Jur., Special or Local Assessments, § 29, it is stated:

"The question of the existence and extent of special benefit resulting from a public improvement for which a special assessment

is made is one of fact, legislative or administrative rather than judicial in character, and the determination of such question by the legislature or by the body authorized to act in the premises is conclusive on the property owners and on the courts, unless it is palpably arbitrary or grossly unequal and confiscatory, in which case judicial relief may be had against its enforcement."

From the foregoing former expressions of this court, it is evident that the scope of our review is very narrow.

Appellant contends that lots 5 and 6, against which the assessment has been levied, are a part of his home grounds and are used together with his other lots on Litchfield avenue as a unit in connection with his residence; that he has water service and fire protection from the water main in Litchfield avenue; that he receives no benefit whatever from the water main in Benson avenue. In other words, his present use of the property, he claims, is such that no benefits accrue to him by reason of the improvement. His lots on Benson avenue are separate, individual parcels of land. If in other ownership, it could not be successfully claimed that these lots were not benefited by the extension of the water main in front of the lots. Appellant's witnesses Kvam and Anderson based their opinion that appellant and his property were not benefited on the present use of the lots. If the lots were used for other purposes, they admitted that there would be a benefit from the laying of the water main. This court has passed on the question where it was claimed that the present use of the property affected assessments for benefits for improvements. In In re Assessment for Improving Superior Street, 172 Minn. 554, 216 N. W. 318, *supra,* this court held that railroad property used exclusively for right-of-way purposes and with no present indication that it would ever be used for any other purpose did receive special benefit from the improvement of an adjoining street and that it was proper to assess it for such improvement. See, also, State v. Robert P. Lewis Co. 72 Minn. 87, 75 N. W. 108, 42 L. R. A. 639. The character of the present use of lots 5 and 6 by appellant is not such that it can be

said that the lots did not receive special benefits from the improvement.

In 48 Am. Jur., Special or Local Assessments, § 23, the writer states:

"In determining whether an improvement does or does not benefit property within the assessment district, the land should be considered simply in its general relations and apart from its particular use at the time; and an assessment, otherwise legal, is not void because the lot is not benefited by the improvement, owing to its present particular use. The benefit is presumed to inure not to the present use, but to the property itself."

In Louisville & Nashville R. Co. v. Barber Asphalt Paving Co. 197 U. S. 430, 25 S. Ct. 466, 49 L. ed. 819, it was held that in determining whether an improvement does or does not benefit property within the assessment district the land should be considered simply in its general relations and apart from its particular use at the time; and an assessment, otherwise legal, for grading, paving, and curbing an adjoining street was not void under the Fourteenth Amendment because the lot was not benefited by the improvement owing to its present particular use. Mr. Justice Holmes said (197 U. S. 433, 25 S. Ct. 467, 49 L. ed. 821):

"* * * The amount of benefit which an improvement will confer upon particular land, indeed whether it is a benefit at all, is a matter of forecast and estimate. In its general aspects at least it is peculiarly a thing to be decided by those who make the law."

■ Here, the city clerk and the city engineer certified to the city council that the basis for determining the amounts of the assessment was the benefits which the several lots received from the improvement and that the lots were benefited in the amount set opposite each description. The city council thereupon made the assessment in line with such certification. At the trial the city engineer testified that in the making of the apportionment he and the city clerk took into consideration the benefits accruing to the property abutting upon the water main and made the assessment

on a lineal-foot basis simply as a matter of. computation of the benefits; that all the property abutting on the water main was benefited to the extent of the cost and enhanced in value to that extent. He testified that they determined that the benefits were the same to each front foot; that the water main is available for tapping all along the property; "and all the properties were assessed according to the number of lineal feet lying along the main." They also took into consideration possible enhancement in value. They did not take into consideration the depth of the lots. The trial court heard the testimony and viewed the premises. It found that appellant's lots were and are benefited to the full amount of the assessment.

As we have stated, the city's charter provides that the city may pay the whole or any part of the expense of constructing, laying, re-laying, and repairing water pipes and water mains by an assessment upon the real estate benefited thereby "in proportion to such benefits or upon the basis of the frontage of the parcels of property affected, without regard to valuation, * * *." The testimony here is that such assessment was made on the basis of benefits, but calculated on the basis of frontage. Both methods were in fact used. Appellant's position is that the use of frontage as a basis is an improper method of assessment. In State ex rel. Oliver I. Min. Co. v. City of Ely, 129 Minn. 40, 151 N. W. 545, Ann. Cas. 1916B, 189, it was held that levying special assessments according to the frontage rules does not violate U. S. Const. Amend. XIV. See, also, State v. Robert P. Lewis Co. 72 Minn. 87, 75 N. W. 108, 42 L. R. A. 639. In State ex rel. Wheeler v. District Court, 80 Minn. 293, 300, 83 N. W. 183, 184, where assessment was made on a front-foot basis, this court said:

"* * * But the fact that the assessment was uniform per front foot as against each abutting lot does not demonstrate, nor does it tend to prove, that the assessment was made without regard to benefits. Its tendency is to show that each and every lot along the entire improvement was benefited equally and exactly the same per front foot, hence the assessment should be precisely the same."

■ We are of the opinion that the evidence supports the finding of the court that the property of appellant was and is benefited to the full amount of the assessment. Where reasonable men differ, the determination of the assessing officer will be upheld. The apportionment of assessments is a legislative function and under the facts of this case must be given effect. In In re Assessment for Paving Mississippi River Blvd. 169 Minn. 231, 232, 211 N. W. 9, 10, we said:

"'* * * The determinations of public officials acting in a legislative or administrative capacity are not to be lightly disturbed by the courts. That principle was recognized in Re Assessment for Paving Concord Street, supra, and serves as a guide to trial courts in reviewing special assessments, and to this court in examining the findings when the sufficiency of the evidence to support them is challenged, but as in other cases, we do not reverse unless the evidence is against the findings."

The principle that the apportionment of assessments is a legislative function is to be given effect. In In re Assessment for Paving Concord Street, *supra,* this court said (148 Minn. 332, 181 N. W. 860):

"It was for the trial court upon the hearing on the application for the confirmation of the assessment to make its determination, having in mind the legislative character of the assessing body, and the weight to be accorded its findings, and the fundamental constitutional provision inhibiting the taking of private property without just compensation. We review the finding of the trial court. In our determination of the sufficiency of the evidence to sustain the finding, we are guided by the rule, applicable in other cases, that the evidence must be against the findings to justify a reversal."

Order affirmed.